# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MATLOCK,<br><br>    Petitioner,<br>vs.<br><br>MATTHEW CATE, Secretary,<br><br>    Respondent. | CASE NO. 12-CV-1842-H (JMA)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

On April 23, 2012, David Matlock ("Petitioner"), a California state prisoner proceeding pro se and in forma pauperis, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction. (Doc. No. 1.) On May 16, 2012, Timothy Busby, who has since been replaced by Matthew Cate as Respondent (collectively "Respondent"), filed a motion to dismiss on grounds that the petition is time-barred by the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), and because Petitioner's claims are procedurally defaulted. (Doc. Nos. 5, 8.) On July 16, 2012, Petitioner filed an opposition to the motion. (Doc. No. 12.) On October 15, 2012, the magistrate judge issued a Report and Recommendation to grant Respondent's motion to dismiss and to dismiss the Petition with prejudice. (Doc. No. 19.) Petitioner has not filed an objection to the magistrate judge's report to date. For the following reasons, the Court grants Respondent's motion to dismiss and

dismisses the Petition with prejudice.

## BACKGROUND

On November 10, 2005, a San Diego jury convicted Petitioner of second degree murder, for which he was sentenced to a term of 15 years. (Lodgment No. 1, App. A at 1-2.) Additionally, the jury found that he personally used and discharged a firearm to cause death, leading to an enhanced sentence totaling 40 years to life. (Lodgment No. 1, App. A at 1-2.) At trial, Petitioner testified. (Lodgment No. 2, App. A at 4-5.) He admitted to the shooting, but claimed self-defense, and imperfect self-defense. (Lodgment No. 2, App. A at 4-5.) In addition, Dr. Christina Stanley testified that her autopsy revealed that the victim was shot eight times, mostly in the back. (Lodgment No. 2, App. A at 4.) Petitioner appealed his conviction, and the California Court of Appeals affirmed the trial court on September 7, 2007. (Lodgment No. 1, App. A.) On October 1, 2007, Petitioner filed a petition for review in the California Supreme Court, which was denied on November 28, 2007. (Lodgment No. 2.) Petitioner subsequently filed for writ of certiorari with the U.S. Supreme Court on January 23, 2008; the Supreme Court denied the petition for certiorari on March 24, 2008. (Doc. No. 1-3 at 47.)

On October 14, 2011, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Lodgment No. 3.) The California Supreme Court denied the petition on March 28, 2012, on the grounds that the Petitioner failed to meet California's procedural requirement of timeliness. (Lodgment No. 4.)

On April 23, 2012, Petitioner filed his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On May 16, 2012, Respondent filed a motion to dismiss, arguing that Petitioner's claims are time-barred by the AEDPA's one-year limitations period, 28 U.S.C. § 2244(d), and further are procedurally defaulted. (Doc Nos. 5, 8.) In response, Petitioner contends that he is entitled to equitable tolling, bringing his Petition into conformance with the AEDPA's statute of limitations. (Doc. No. 12 at 7.) He additionally asserts that his innocence of the crime for which he has been convicted excuses him from both the AEDPA's time-bar and California's procedural requirements. (Doc. No. 12 at 7.)

///

# DISCUSSION

## I. Petition is Barred by the AEDPA's Statute of Limitations

The AEDPA, 28 U.S.C. § 2244(d), imposes a one-year limitations period to applications for a writ of habeas corpus by prisoners challenging a State court conviction. Under section 2244(d)(1)(A), the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Ninth Circuit explains that "final" means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987)).

The one-year limitations period can be tolled statutorily under section 2244(a)(2) of the AEDPA, or equitably if the petitioner shows both that he was pursuing his rights diligently and that extraordinary circumstances beyond his control prevented him from complying with the statute of limitations. Velasquez v. Kirkland, 639 F.3d 964, 966-67, 969 (9th Cir. 2011). Additionally, a habeas corpus petitioner may be excused from the limitations period if he can support a claim of actual innocence. Schulp v. Delo, 513 U.S. 298 (1995).

### A. Final Judgment

Petitioner does not dispute the application of § 2244(d)(1)(A) to his claims. (Doc. No. 12.) When the U.S. Supreme Court denied review of Petitioner's claims on March 24, 2008, Petitioner had at that point exhausted all available appellate remedies, and the judgment became final for purposes of the statute of limitations. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987)). Thus, absent tolling, Petitioner's federal habeas petition, filed on April 23, 2012, over four years after final judgment, would be time-barred under the AEDPA's statute of limitations.

### B. Petitioner Not Entitled to Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the AEDPA's limitations period is tolled during the period when a "properly filed application for State post-conviction or other collateral review" is pending. To toll the statute of limitations under § 2244(d)(2), a petition for post-conviction

1 or other collateral review must be filed within the AEDPA's one-year limitations period, see
2 Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), and must be timely filed under state law,
3 see Allen v. Siebert, 552 U.S. 3, 7 (2007). Petitioner filed a petition for writ of habeas corpus
4 with the California Supreme Court on October 14, 2011. (Doc. No. 1.) At that time, the
5 AEDPA's one-year limitations period had already expired. Furthermore, in rejecting the state
6 habeas petition, the California Supreme Court found that Petitioner failed to meet California's
7 procedural requirement of timeliness. (Lodgment No. 4.) Thus, Petitioner did not timely file
8 his state habeas petition within AEDPA's one-year limitations period or state law. As such,
9 the state petition did not toll the statute of limitations under § 2244(d)(2).

### C. Petitioner Not Entitled to Equitable Tolling

In order to benefit from equitable tolling, a habeas petitioner bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGulielmo, 544 U.S. 408, 418 (2005). Petitioner contends that his lack of knowledge regarding the U.S. Supreme Court's decision, as well as his legal incompetence and the inadequacy of the prison law library, entitle him to equitable tolling. (Doc. No. 12 at 7; Doc No. 1-3 at 43-44.)

#### i. Lack of Knowledge

Petitioner asserts that he is entitled to equitable tolling because of his failure to receive notice of the U.S. Supreme Court's decision. (Doc. No. 1-3 at 43.) "A prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (quoting Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001)). Under Ramirez, the prisoner must show that he "has acted diligently in the matter." Woodward, 263 F.3d at 144.

In order to determine whether Petitioner acted diligently in pursuing his rights, the court must look at (1) the date on which he actually received notice of the final decision of the court, (2) whether he acted diligently to obtain notice, and (3) whether the delayed notice was the cause of his untimely filing. Ramirez, 571 F.3d at 998. Petitioner introduced evidence showing that he did not receive notice of the U.S. Supreme Court's denial of review until

1  January 13, 2010. (Doc. No. 1-3 at 47.) Petitioner's evidence also indicates, however, that he
2  waited until December 2009, almost two years after filing his petition, before inquiring into
3  its status. (Doc. No. 1-3 at 48.) The Court concludes that Petitioner's delayed efforts in
4  obtaining notice indicate his lack of diligence. Thus, even if Ramirez applies to U.S. Supreme
5  Court decisions, a determination the Court need not make at this time, Petitioner's claim for
6  equitable tolling still fails.

7                **ii.    Legal "Incompetence" and Inadequacy of the Prison Law Library**
8         Petitioner further asserts that he is entitled to equitable tolling due to his lack of legal
9  expertise and the inadequacy of the prison law library. (Doc. No. 1-3 at 44.) Ignorance of the
10 law does not constitute an "extraordinary circumstance" warranting equitable tolling.
11 Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Further, the lack of access to legal
12 materials at a prison library does not qualify as an extraordinary circumstance, unless the
13 petitioner shows that the lack of access actually caused the untimely filing. Frye v. Hickman,
14 273 F.3d 1144, 1146 (9th Cir. 2001); cf. U.S. v. Marolf, 173 F.3d 1213, 1218 (9th Cir. 1999).
15 In this case, Petitioner makes no such showing. Moore v. Battaglia, 476 F.3d 504, 507-08 (9th
16 Cir. 2007) (remanding to the district court due to the limited factual record regarding whether
17 the library contained the relevant statute of limitations). Petitioner contends that although the
18 library may be adequate for those who are familiar with the law, the lack of legal aid renders
19 it inadequate for those who lack legal expertise. (Doc. 1-3, at 43-44.) This argument merely
20 reiterates legal incompetence as the cause for untimely filing, rather than inadequate legal
21 materials. See Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006) (finding petitioner's alleged
22 limited access to the prison law library did not constitute an extraordinary circumstance as it
23 did not render him incapable of learning the information needed to file on time). Because
24 neither of the asserted reasons qualify as an extraordinary circumstance, the Court concludes
25 that Petitioner is not entitled to equitable tolling.
26 ///
27 ///
28 ///

#### D. Actual Innocence Exception not Applicable

Petitioner additionally asserts that he is entitled to an equitable exception to the AEDPA's statute of limitations because he is actually innocent of the crime for which he has been convicted. (Doc. No. 12 at 6-8.) A credible showing of actual innocence constitutes an equitable exception to the AEDPA's limitations period. Schlup v. Delo, 513 U.S. 298, 324 (1995). Such showing must take the form of new, reliable evidence. Id. at 324. In order to bring an otherwise time-barred claim under the actual innocence exception, the petitioner must show that, in light of all evidence, including that which was not introduced at trial, it is more likely than not that no reasonable juror would have convicted him. Majoy v. Roe, 296 F.3d 770, 776 (9th Cir., 2002) (quoting Schlup, 513 U.S. at 327). Petitioner in the present case failed to introduce any new evidence in support of his claim, and instead relies on conclusory assertions of innocence. At trial, Petitioner testified and admitted to shooting the victim. (Lodgment No. 2, App. A at 4-5.) The jury rejected Petitioner's claims of self-defense and imperfect self-defense. (Lodgment No. 2, App. A at 4-5.) Therefore, the Court concludes that Petitioner is not entitled to equitable tolling under Schlup.

### II. Petitioner's Claim is Procedurally Defaulted

Respondent additionally argues that Petitioner's habeas corpus claims are procedurally barred. (Doc. No. 8 at 13.) The California Supreme Court denied review of Petitioner's habeas petition due to untimeliness. (Lodgment No. 4.) As such, Respondent contends that review in this court should be denied because Petitioner has made no showing of cause or prejudice, nor of a fundamental miscarriage of justice. (Doc. No. 8 at 14-16.)

A federal court will generally not review the merits of a habeas petition that a state court summarily declined to review on procedural grounds, provided that such grounds are independent of federal law, and adequate to support the judgment. See Walker v. Martin, 131 S.Ct. 1120, 1122 (2011); Harris v. Reed, 489 U.S. 255, 255 (1989). A state law ground is independent if it is not interwoven with federal law, see La Crosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2000), and is adequate if it is "firmly established and regularly followed." See Walker v. Martin, 131 S.Ct. 1120, 1127 (2011). If, however, the Petitioner shows cause for

failing to comply with the procedural rule, and resulting prejudice, a federal court may undertake review. See Wainright v. Sykes, 433 U.S. 72, 84-85 (1977). Petitioner need not show cause and prejudice if he can show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 522, 536-37 (2006) (quoting Schlup, 513 U.S. at 327).

The California Supreme Court, citing to In Re Robbins, 18 Cal. 4th 770 (1998), summarily denied Petitioner's state habeas petition on the procedural grounds of untimeliness. In Bennett v. Mueller, the Ninth Circuit determined that reliance on In re Robbins constitutes an independent state ground. 322 F.3d 573, 578 (2003). The U.S. Supreme Court, in Walker, further established that untimeliness is an adequate state ground. 131 S. Ct. at 1128-31. Further, Petitioner does not assert that his procedural default is overcome by cause and prejudice. Rather, he argues that failure to review his petition would result in a fundamental miscarriage of justice, as he is actually innocent of the crime for which he has been convicted. (Doc. No. 12 at 2.) Petitioner has failed to introduce any new evidence supporting his innocence. Accordingly, Petitioner's claims are procedurally barred.

**III.   Denial of Certificate of Appealability**

Under the AEDPA, a state prisoner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability from the district court judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A court may issue a certificate of appealability only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the minimal showing required to satisfy § 2253(c) is "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the present case, the Court concludes that Petitioner has not made such a showing and therefore the Court denies Petitioner a certificate of appealability.
///

## **CONCLUSION**

Petitioner's federal habeas corpus petition was filed more than one year — over four years — after the date on which his conviction became final, and is therefore barred by the statute of limitations. For the reasons set forth above, Petitioner is not entitled to statutory or equitable tolling. Further, Petitioner's claims are procedurally defaulted under California law. Accordingly, the Court grants Respondent's motion to dismiss and dismisses Petitioner's petition with prejudice, and denies Petitioner a certificate of appealability.

**IT IS SO ORDERED.**

Dated: February 19, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT